IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OMAR NABIL El GHADBAN,

                      Plaintiff,                                OPINION AND ORDER

    v.

STATE OF WISCONSIN, DANE COUNTY JAIL,           11-cv-40-wmc
SGT. PRICE and LT. BAHLER,

                      Defendants.

---

       This is a proposed civil action in which plaintiff Omar Nabil El Ghadban alleges that he was denied his right to practice his Muslim religion while housed in Dane County Jail. El Ghadban asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit El Ghadban has given the court, the court concludes that he unable to prepay the full fee for filing this lawsuit. El Ghadban has made the initial partial payment of $8.17 required of him under § 1915(b)(1).

       The next step is determining whether El Ghadban's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Unfortunately, the court cannot reach the merits of plaintiff's claims at this time because his pleading does not provide enough information to support his claims, as required by Rule 8 of the Federal Rules of Civil Procedure. However, the plaintiff will be given an opportunity to submit an amended complaint that provides more information to support his claim.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Based on his complaint, the court will assume the following facts for purposes of this screening order.

Plaintiff Omar Nabil El Ghadban is an inmate confined at the Dane County Jail. Defendants Sgt. Price and Lieutenant Bahler are employed at the Dane County Jail.

Plaintiff's cell has a toilet in it. El Ghadban is a Muslim. According to Islamic law, he cannot worship, study, pray, pronounce the name of Allah or read his Qur`an in a bathroom, which means that he cannot do these things in his cell. El Ghadban asked the jail chaplain to bring an Iman from the Mosque to advise him what to do in the situation, but the chaplain ignored his requests. El Ghadban was unable to practice his religion for over three and a half months.

OPINION

Under Rule 8(a)(2), a complaint must include (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Rule 8 also requires that the complaint contain enough allegations of fact to make a claim for relief plausible on its face. *Aschcroft v. Iqbal*, 555 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

2

Plaintiff has made a short and plain statement of his claim, alleging that he was denied the right to practice his religion at the Dane County Jail. This allegation is sufficient to support an inference that his rights under the First Amendment are implicated. *Kaufman v. McCaughtry*, 419 F.3d 678, 683-84 (7th Cir. 2005). The Rule 8 problems with his complaint, however, arise from who he names as defendants. First, plaintiff names the State of Wisconsin as a defendant. The state cannot be sued because it is entitled to immunity under the Eleventh Amendment, regardless of whether a plaintiff seeks money damages or injunctive relief. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 102 (1984) (citing *Cory v. White*, 457 U.S. 85, 91 (1982)). Second, there is no allegation that any state official or employee had any authority over the day-to-day operation of the Dane County Jail. Third, the Dane County Jail is not a suable entity under Wis. Stat. § 59.01. Therefore, El Ghadban's claims against defendants State of Wisconsin and Dane County Jail must be dismissed.

While plaintiff may sue defendants Sgt. Price and Lieutenant Bahler, he must explain their involvement in the denial of his First Amendment rights. At this point, it is unclear what, if anything, either did or did not do to deny the practice of his religion. The closest thing to an arguable "violation" is El Ghadban's mention of a chaplain who ignored his request to bring an Iman to advise him personally on the propriety of practicing key parts of his religion in a cell with a toilet. Unfortunately, El Ghadban does not name the chaplain as a defendant, nor does he explain why the chaplain could not play this role, he could not personally consult an Iman in writing or other means to resolve this issue were not available, since plaintiff cannot be the first to face this or a similar issue.

3

Because plaintiff's complaint does not comply with Rule 8, the court must dismiss it without prejudice. Plaintiff is free to file an amended complaint that fixes these problems. In particular, he should include allegations that identify how defendants Price and Bahler were involved in preventing him from practicing his religion, if at all, and name any other individuals who were involved. Plaintiff should draft the complaint as if he were telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claims?

- What did the individual defendants do that makes them liable for violating plaintiff's rights?

- How was plaintiff injured by defendants' conduct? (In the case of his apparent First Amendment claim, plaintiff should explain specifically why defendants' conduct precluded him from practicing his religion.)

Plaintiff also should take care to name the individuals whom he is suing in the caption of his complaint. If plaintiff's amended complaint satisfies Rule 8, the court will then consider the merits of his claims.

ORDER

IT IS ORDERED that plaintiff's Omar Nabil El Ghadban's complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8. Plaintiff may have 20 days from date of order to file an amended complaint that complies with Rule 8. If plaintiff submits a revised complaint by that date, the court will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). If he does not file an

amended complaint by that date, the clerk of court is directed to close this case.

Entered this 2d day of November, 2012.

                                                                                BY THE COURT:
                                                                                /s/
                                                                                WILLIAM M. CONLEY
                                                                                District Judge